Andrias, J.
(concurring). I agree that the complaint was properly dismissed. However, I write separately to express my view that the statutory scheme for luxury deregulation precludes plaintiffs common-law fraud cause of action.
Pursuant to Rent Stabilization Law (Administrative Code of City of NY) §§ 26-504.1 and 26-504.3, a rent-stabilized apartment that has a legal regulated rent of at least $2,000 per month is eligible for luxury deregulation if the combined annual income of all persons occupying the unit as their primary residence exceeds $175,000 for each of the two years preceding the owner’s petition.* Rent Stabilization Law § 26-504.3 (a) (1) provides that “annual income shall mean the federal adjusted gross income as reported on the New York state income tax return.” Pursuant to Rent Stabilization Law § 26-504.3 (b) and Tax Law § 171-b, the New York State Department of Taxation and Finance (DTF) is authorized to verify, at the request of the New York State Division of Housing and Community Renewal (DHCR), whether the total annual income exceeds or is below the $175,000 threshold.
Defendants, Lester Cohen and Carol Cohen, are tenants of a rent-stabilized apartment in a building that was owned by plaintiff. Although their monthly rent exceeded $2,000, from 2004 through 2008, DHCR denied plaintiffs yearly petitions for luxury deregulation after DTF verified that defendants’ federal adjusted gross income did not exceed the $175,000 threshold.
In 2010, plaintiff commenced this action. In its first cause of action, plaintiff seeks to recover damages for common-law fraud, based on allegations that defendant Carol Cohen, a successful real estate broker, affirmatively manipulated the annual income shown in her tax returns to bring it below the $175,000 threshold.
Citing ABN AMRO Bank, N.V v MBIA Inc. (81 AD3d 237 [1st Dept 2011], mod 17 NY3d 208 [2011]), Assured Guar. (UK) Ltd. v J.P. Morgan Inv. Mgt. Inc. (18 NY3d 341 [2011]), 61 W. 62 Owners Corp. v CGM EMP LLC (77 AD3d 330 [1st Dept 2010], *153 mod on other grounds and remanded 16 NY3d 822 [2011]), and Chelsea 18 Partners, LP v Sheck Yee Mak (90 AD3d 38 [1st Dept 2011]), Justice Catterson, in his concurrence, opines that there is nothing inherent in the statutory scheme for rent regulation that would preclude a common-law claim for fraud. However, in Assured Guar. (UK) Ltd., the Court of Appeals explained:
“Read together, CPC Intl. [v McKesson Corp. (70 NY2d 268 [1987])] and Kerusa [Co. LLC v W10Z/ 515 Real Estate Ltd. Partnership (12 NY3d 236 [2009])] stand for the proposition that a private litigant may not pursue a common-law cause of action where the claim is predicated solely on a violation of the Martin Act or its implementing regulations and would not exist but for the statute. But, an injured investor may bring a common-law claim (for fraud or otherwise) that is not entirely dependent on the Martin Act for its viability. Mere overlap between the common law and the Martin Act is not enough to extinguish common-law remedies” (18 NY3d at 353).
The gravamen of plaintiffs cause of action is that defendant Carol Cohen fraudulently used a closely held corporation and improper corporate and personal deductions to manipulate her annual income in order to avoid luxury deregulation. Unlike the nuisance claims in 61 W. 62 Owners Corp. and Chelsea 18 Partners, LP, the cause of action is entirely dependent on the existence of the luxury deregulation statute for its viability. But for the statute, plaintiff could not claim to be damaged by Mrs. Cohen’s allegedly fraudulent conduct in connection with the filing of her tax returns.
Further, “the luxury decontrol procedures . . . contemplate a single verification, the result of which is binding on all parties unless it can be shown that DTF made an error” (Matter of Classic Realty v New York State Div. of Hous. & Community Renewal, 2 NY3d 142, 146 [2004]). Because plaintiff does not allege any wrongs that would be actionable independent of the statute, to allow the use of plenary actions for luxury deregulation, or for obtaining damages based on a tenant’s alleged fraudulent conduct in connection with luxury deregulation proceedings, would circumvent the legislative intent that these matters be heard and decided by DHCR based on state tax return information and that any concerns of fraud be referred by DHCR to DTF in accordance with the luxury deregulation provisions (see *154 Administrative Code § 26-504.3 [a] [1]; see also Matter of Power v New York State Div. of Hous. & Community Renewal, 61 AD3d 544 [1st Dept 2009], lv denied 13 NY3d 716 [2010]).
Accordingly, the common-law fraud cause of action was correctly dismissed (see Berenger v 261 W. LLC, 93 AD3d 175, 184 [1st Dept 2012] [“There is no private right of action where the fraud and misrepresentation relies entirely on alleged omissions in filings required by the Martin Act”]; Han v Hertz Corp., 12 AD3d 195, 196 [1st Dept 2004] [customer did not possess a private right of action under former General Business Law § 396-z because his quasi contract claim was admittedly dependent on the allegation that the form contract was automatically voided by former General Business Law § 396-z (10)]).
In any event, we all agree that the complaint fails to state a fraud claim with the requisite particularity (see CPLR 3016 [b]). Plaintiff’s fraud allegations are wholly speculative, since there are no allegations from which it could reasonably be inferred that defendants provided fraudulent income statements, and there are no non-conclusory allegations that defendants earned over $175,000 in two consecutive years. The crux of plaintiffs fraud argument, that defendants fraudulently hid their annual income under a closely held corporation that cannot be traced without proper discovery, is not sustainable since the income of a corporation cannot be considered for purposes of determining whether defendants met the $175,000 threshold to warrant luxury deregulation (see e.g. Matter of Nestor v New York State Div. of Hous. & Community Renewal, 257 AD2d 395 [1st Dept 1999], lv dismissed in part, denied in part 93 NY2d 982 [1999]).

 For proceedings commenced on or after July 1, 2011, the deregulation income threshold is $200,000 and the deregulation rent threshold is $2,500 (Administrative Code § 26-504.3 [a] [2], [3]).